IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHRISTOPHER WELLS,** )<br>)<br>    **Plaintiff,** )<br>)<br>vs. )<br>)<br>**JEFFERY BULLARD,** )<br>**MOUNT VERNON POLICE DEPT., and** )<br>**CITY OF MOUNT VERNON** )<br>)<br>    **Defendants.** | Case No. 16−cv−0665−JPG |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Christopher Wells, an inmate in the Jefferson County Justice Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks compensatory damages. This case is now before the Court for a preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which
> relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune
> from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-

27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the First Amended Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

## The First Amended Complaint

Plaintiff originally filed this case on June 17, 2016, however, the only Defendant listed was the City of Mount Vernon, and so the Court dismissed the Complaint on August 10, 2016 for failure to associate specific defendants with specific allegations. (Doc. 1) (Doc. 7). Plaintiff filed the First Amended Complaint on August 31, 2016. (Doc. 8).

Plaintiff's statement of claim refers to "C.W.," which the Court presumes stands for "Christopher Wells," the plaintiff here. The Court notes that while Plaintiff complains of things that happened while he was a minor, he is no longer a minor and has not sought leave of the court to proceed as an unnamed party. The Court presumes that all references to "C.W" refer to Plaintiff.

Plaintiff alleges that on May 31, 2011, Bullard arrested him. (Doc. 1, p. 5). At the time, Plaintiff was 15 years old. (*Id.*). Bullard did not attempt contact Plaintiff's parents or guardians prior to questioning him. (*Id.*). Bullard coerced Plaintiff into incriminating himself by falsely

telling Plaintiff that if he confessed and showed remorse, his case would be kept in the juvenile court system. (*Id.*). That statement was later suppressed via motion.[1] (*Id.*).

## Discussion

Based on the allegations of the First Amended Complaint, the Court finds it convenient to divide the pro se action into 2 counts.[2] The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. At this time, neither claim survives threshold review.

**Count 1 – Det. Bullard violated Plaintiff's due process rights under the Fourteenth Amendment when he questioned Plaintiff without his parent or guardian present.**

**Count 2 – Det. Bullard violated Plaintiff's Fifth Amendment right against self-incrimination when he coerced Plaintiff into an involuntary confession**

Plaintiff's First Amended Complaint must be dismissed at this time. Plaintiff has alleged that his confession was improperly coerced because he was interviewed as a minor child without a parent or guardian present and because Bullard made false promises. Courts employ a totality of the circumstances test when determining the voluntariness of a confession. *Schneckloth v. Bustamonte*, 412 U.S. 218, 227 (1973). Police violate the due process clause when they coerce confessions in grossly inappropriate circumstances. *Chavez v. Martinez*, 538 U.S. 760, 774 (2003). A confession is voluntary when "it is the product of a rational intellect and free will and not the result of physical abuse, psychological intimidation, or deceptive interrogation tactics that have overcome the defendant's free will." *United States v. Vallar*, 635 F.3d 271, 281 (7th Cir. 2011).

---

[1] In its earlier order, the Court incorrectly stated that the statement was "never" suppressed, but on reexamination, the word used in that place in the Complaint is "later."
[2] The Seventh Circuit has rejected liability for a false confession on Fourth Amendment grounds. *Wallace v. City of Chicago*, 440 F.3d 421, 429 (7th Cir. 2006).

As to the Fourteenth Amendment claim, the Supreme Court has said that coercive questioning by a law enforcement officer may support a § 1983 substantive due process claim if the nature of the questioning "shocks the conscience." *Chavez v. Martinez*, 538 U.S. 760, 774 (2003) (opinion of Thomas, J.); *Cairel v. Alderden*, 821 F.3d 823, 833 (7th Cir. 2016). Merely "lying to, threatening, or insulting a suspect" does not shock the conscience. *Fox v. Hayes*, 600 F.3d 819, 841 (7th Cir. 2010). Rather, conscience shocking behavior is behavior that lies "too close to the rack and the screw." *Id.* (quoting *Rochin v. California*, 342 U.S. 165, 172 (1952)). Ordinary interrogation techniques, even techniques that include falsehoods, do not shock the conscience. *Cairel*, 821 F.3d at 833. The Seventh Circuit has also specifically rejected a rule that no child under the age of 16 may waive his rights or make a voluntary confession without a parent or guardian present. *Hardaway v. Young*, 302 F.3d 757, 764 (7th Cir. 2002).

Here, the only facts that Plaintiff has alleged was that his parent or guardian was not notified prior to his interrogation and that Bullard made untrue promises. He has not provided any facts that suggest that Bullard conducted the investigation in a manner which shocks the conscience. The fact that Bullard made false promises does not rise to the level of conscience shocking behavior. Nor does the fact that Plaintiff was interrogated without his parents. Plaintiff has not pleaded enough facts to suggest that his confession was coerced based on the totality of the circumstances. Plaintiff has not stated a claim for a substantive due process violation, and **Count 1** must be dismissed for failure to state a claim.

As to **Count 2**, *Chavez* also addressed the Fifth Amendment issue via a plurality opinion. The Court held that a plaintiff cannot state a claim for a Fifth Amendment violation unless his statements were used in a criminal case. *Chavez v. Martinez*, 538 U.S. 760, 766 (2003) (plurality opinion of Thomas, J.). The plurality reasoned that the Fifth Amendment's purpose in

preventing self-incrimination is not upheld unless there is an opportunity for self-incrimination during relevant criminal proceedings. *Id.* The *Chavez* Court did not specify when exactly a criminal proceeding commences for purposes of the Fifth Amendment, but the Seventh Circuit has determined that a criminal case begins when a criminal prosecution is initiated because of the improper confession. *Sornberger, v. City of Knoxville, Illinois*, 434 F.3d 1006, 1026-27 (7th Cir. 2006).

Here, Plaintiff has alleged that his confession was suppressed at trial. He therefore has no claim based on the manner in which the trial was conducted. Plaintiff has also not provided any facts tending to show that his confession was used to initiate criminal proceedings against him, other than stating that he was subjected to a criminal prosecution. In the absence of such facts, Plaintiff has failed to adequately plead a Fifth Amendment claim, and this claim will therefore be dismissed without prejudice.

Plaintiff's claims against the City of Mt. Vernon, Illinois ("Mt. Vernon") and the Mt. Vernon Police Department must be dismissed. As to the police department, it is not a suable entity apart from the city which operates it. *See West By and Through Norris v. Waymire,* 114 F.3d 646, 646–47 (7th Cir.1997). The Mt. Vernon police department will therefore be dismissed with prejudice. Further, a municipality may only be sued in a civil rights action if the constitutional deprivations were the result of an official policy, custom, or practice of the municipality. *Monell v. Dept. of Soc. Servs.,* 436 U.S. 658, 691 (1978); *see also Pourghoraishi v. Flying J, Inc.,* 449 F.3d 751, 765 (7th Cir.2006). Plaintiff has not alleged that Mt. Vernon had an official policy or unwritten custom. He has not alleged that Bullard acted pursuant to any policy or custom. Plaintiff has failed to state a claim against Mt. Vernon and that defendant will be dismissed without prejudice.

The Court assumes, but does not decide for the purposes of this threshold order, that Plaintiff's claim is not barred by *Heck v. Humphrey* because his confession was not introduced at his trial.

The Court notes that it appears from the record before it that Plaintiff's claims are also barred by the statute of limitations.  Although § 1983 provides a federal cause of action, it does not contain a statute of limitations.  42 U.S.C. § 1983.  Courts look to the personal injury laws of the state in which the injury occurred to determine the length of the statute of limitations. *Wallace v. Kato,* 549 U.S. 384, 387 (2007); *Kelly v. City of Chi.,* 4 F.3d 509, 511 (7th Cir.1993).  Illinois has a 2-year statute of limitations for personal injury claims.  735 Ill. Comp. Stat. 5/13–202.  Thus, § 1983 claims arising in Illinois are governed by a 2-year statute of limitations. *Kelly,* 4 F.3d at 511.

While state law sets the length of the statute of limitations period, federal law governs the date of accrual for a Section 1983 action. *Wallace,* 549 U.S. at 388.  A § 1983 claim accrues "when the plaintiff knows or should know that his or her constitutional rights have been violated."  *Kelly,* 4 F.3d at 511  (quoting *Wilson v. Giesen,* 956 F.2d 738, 740 (7th Cir.1992)).  Determining the accrual date of a § 1983 claim "proceeds in 2 steps.  First, a court must identify the injury.  Next, it must determine the date on which the plaintiff could have sued for that injury.  That date should coincide with the date the plaintiff 'knows or should know' that her rights were violated." *Hileman v. Maze,* 367 F.3d 694, 696 (7th Cir.2004) (citing *Kelly,* 4 F.3d at 511) (internal citations omitted).

Here, the conduct Plaintiff complains of occurred on May 31, 2011.   Plaintiff waited more than 5 years to bring suit, until June 17, 2016.  It is possible that the statute of limitations began running on Plaintiff's Fifth Amendment claim at some later point when his confession was

6

used against him in a court proceeding, but those facts are not in the record at this time. Plaintiff's confession would have had to been used no earlier than June 17, 2014 for this case to fall within the statute of limitations. And any claims based on the conduct of the interrogation itself, like **Count 1**, must be dismissed with prejudice for falling outside of the statute of limitations because those claims accrued on May 31, 2011, and Plaintiff would have had to file suit no later than May 31, 2013 to timely file that claim. For that reason, **Count 1** will be dismissed with prejudice.

### Disposition

**IT IS HEREBY ORDERED** that **Count 1** is **DISMISSED with prejudice**. Defendant Mt. Vernon police department is **DISMISSED with prejudice. Count 2** is **DISMISSED without prejudice**. Mt. Vernon is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his Second Amended Complaint, stating any facts which may exist to support his Fifth Amendment claim and his *Monell* claim against the City of Mount Vernon, provided any such claims fall within the statute of limitations, within 28 days of the entry of this order (on or before **January 12, 2017**). An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the Second Amended Complaint must stand on its own, without reference to any other pleading. Should the Second Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the Second Amended Complaint. Failure to file an amended complaint shall result in the

dismissal of this action with prejudice.  Such dismissal shall count as 1 of Plaintiff's 3 allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Plaintiff is warned, however, that the Court takes the issue of perjury seriously, and that any facts found to be untrue in the Amended Complaint may be grounds for sanctions, including dismissal and possible criminal prosecution for perjury.  *Rivera v. Drake*, 767 F.3d 685, 686 (7th Cir. 2014) (dismissing a lawsuit as a sanction where an inmate submitted a false affidavit and subsequently lied on the stand).

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**

**DATED: December 14, 2016**

*s/J. Phil Gilbert*
**U.S. District Judge**
