IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER WELLS,               )<br>                                                          )<br>            Plaintiff,                        )<br>                                                          )<br>vs.                                                   )           Case No. 16−cv–0665−JPG<br>                                                          )<br>CITY OF MT. VERNON, ILLINOIS  )<br>JEFFREY BULLARD                        )<br>                                                          )<br>                                                          )<br>            Defendants.                    ) | |

### MEMORANDUM AND ORDER

**GILBERT, District Judge:**

On June 17, 2016, Plaintiff filed this Complaint. (Doc. 1). The case underwent threshold screening on August 10, 2016, and the Court determined that Plaintiff had failed to associate specific claims with specific defendants. (Doc. 7). Plaintiff filed a First Amended Complaint on August 31, 2016. (Doc. 8). The Court screened the Amended Complaint on December 14, 2016, and determined that it failed to state a claim as well. (Doc. 9). Plaintiff was given until January 12, 2017 to file an amended complaint, stating any facts which may exist to support a Fifth Amendment claim and/or a Monell claim against the City of Mount Vernon, provided that either claims fell within the statute of limitations. (Doc. 9). The deadline has now passed. Plaintiff has not filed an amended complaint or requested an extension of time to do so. The Court therefore finds that Plaintiff is not in compliance with its December 14th Order directing him to file an amended complaint. (Doc. 9).

As a result, this case is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted and for failure to comply with an order of this Court. FED. R. CIV.

P. 41(b); *see generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). This dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish*, 133 F.3d 464, 467 (7th Cir. 1998). If the appeal is found to be non-meritorious, Plaintiff may also incur another "strike." A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.[1] FED. R. APP. 4(a)(4).

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: January 19, 2017**

s/ J. PHIL GILBERT
United States District Judge

---

[1] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. FED. R. CIV. P. 59(e).